In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-355 CR


____________________



SHAWN ALFRED TYLER, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 88453






 MEMORANDUM OPINION


 Pursuant to a plea bargain, Shawn Alfred Tyler pled guilty to the lesser included
offense of "Injury to a Child," after having been charged with aggravated sexual assault of
a child. See Tex. Pen. Code Ann. § 22.04 (Vernon Supp. 2008). (1) The trial court deferred
adjudication of guilt, placed Tyler on community supervision for six years, and assessed a
$750.00 fine. The State subsequently filed a motion to revoke Tyler's community
supervision. Tyler pled true to two violations of the terms that had been established for his
community supervision. The trial court revoked Tyler's community supervision, adjudicated
him guilty, and then sentenced him to ten years in prison based on his plea to the lesser
included offense of injury to a child, which in this case was a first degree felony. Tyler
appealed. Tyler's appellate counsel filed an Anders brief. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief meets the Anders requirements
by presenting a professional evaluation of the record that demonstrates why there are no
arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
1978). Counsel provided Tyler with a copy of the brief.

 Tyler then filed a pro se brief raising several issues. In his first and sixth issues, he 
asserts his plea was not voluntary. In his second issue, and despite the absence of any
objection to the pre-sentence investigation report, Tyler further asserts the trial court should
not have considered extraneous offenses that had not been proven beyond a reasonable doubt. 
In his third issue, Tyler alleges that the trial court convicted him without requiring
corroborating circumstances of the crime to which he pled guilty. In issue four, Tyler argues
that the trial court failed to allow him to present mitigating evidence at his punishment
hearing. In issue five, Tyler asserts that his counsel was ineffective.


 In addressing an Anders brief and pro se response, a court of appeals may only
determine (1) that the appeal is wholly frivolous and issue an opinion explaining that we have
reviewed the record and find no reversible error, or (2) that arguable grounds for appeal exist
and remand the cause to the trial court so that new counsel may be appointed to brief the
issues. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Having reviewed
the clerk's record, the reporter's record, counsel's brief, and appellant's pro se brief, we
agree that the appeal is frivolous. See Bledsoe, 178 S.W.3d at 826-27. Therefore, we find
it unnecessary to order appointment of new counsel to re-brief the appeal. Compare Stafford
v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment. (2)

 AFFIRMED. 


 ____________________________________

 HOLLIS HORTON

 Justice



Submitted on September 24, 2008

Opinion Delivered November 5, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Because section 22.04, as applied to Tyler, has not materially changed since the date
of the offense, we cite to the current version of the statute. See Act of April 23, 1999, 76th
Leg., R.S., ch. 62, § 15.02(b), 1999 Tex. Gen. Laws 127, 357 (amended 2005); Act of May
29, 2005, 79th Leg., R.S., ch. 268, § 1.125(a), 2005 Tex. Gen. Laws 621, 683 (current
version at Tex. Pen. Code Ann. § 22.04 (Vernon Supp. 2008)); Act of May 27, 2005, 79th
Leg., R.S., ch. 949, § 46, 2005 Tex. Gen. Laws 3198, 3215 (current version at Tex. Pen.
Code Ann. § 22.04 (Vernon Supp. 2008)). 
2. Tyler may challenge our decision in this case by filing a petition for discretionary
review. Tex. R. App. P. 68; Bledsoe, 178 S.W.3d at 827. Additionally, relief in an
appropriate case for a claim of ineffective assistance of counsel is generally available through
an application for a writ of habeas corpus. See Thompson v. State, 9 S.W.3d 808, 814-15
(Tex. Crim. App. 1999).